IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-48,087-06






EX PARTE MICHAEL DEAN SCHIPULL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10,468 IN THE 21ST DISTRICT COURT


FROM BASTROP COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, § 3, TEX.CODE CRIM.PROC. A jury convicted Applicant of criminally
negligent homicide. The court assessed punishment at confinement for seven years after
finding a deadly weapon was used. No appeal was taken.

 Applicant contends that his trial counsel withdrew without filing notice of appeal
after Applicant said he wanted to appeal, and that Applicant filed timely notice of appeal
pro se, but that no appeal was processed. The State has filed no response and the trial
court has made no findings of fact.

 It is the Court's opinion that additional facts need to be developed and that the trial
court is the appropriate forum. Therefore, the trial court is ordered to obtain an affidavit
from Applicant's trial counsel addressing Applicant's factual allegations, and to allow
Applicant an opportunity to tender any other affidavits to support his allegations. 
Alternatively, the trial court may conduct an evidentiary hearing at which Applicant
would have an opportunity to prove his allegations, and the trial court is not limited to the
above issues if the court believes other facts relevant to the legality of Applicant's
confinement should be determined.

 The trial court should then make findings of fact as to specifically what Applicant's
trial counsel advised him as to his appellate rights, whether Applicant ever indicated a
desire to appeal this conviction, whether Applicant ever filed notice of appeal pro se,
whether any appeal was processed, and the dates any notice of appeal was filed or any
appeal was affirmed. The court may also make findings of fact as to any other matters the
court deems relevant to the legality of Applicant's confinement.

 If an evidentiary hearing is conducted, and Applicant is found to be indigent at the
time of the hearing, the trial court shall ensure that Applicant is represented by counsel
unless such is affirmatively waived.

 Since this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294
(Tex.Cr.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. Any hearing
conducted pursuant to this order shall be held within 90 days of the date of this order. (1) 
The trial court's findings of fact, any affidavits or transcription of the court reporter's
notes, and any other supplementation of the record shall be returned to this Court within
120 days of the date of this order. (2)

DELIVERED: June 28, 2006

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance should be provided to
this Court.
2. Any extensions of this time period should be obtained from this Court.